UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SANDRA GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:14-CV-163 |
| | § | |
| STILLWATER INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

Before the Court is Plaintiff Sandra Gonzalez's Motion for Remand filed on October 24, 2014. For the reasons that follow, Plaintiff's Motion (Dkt. No. 6) is **GRANTED** and this case is **REMANDED** to the 111th Judicial District Court of Webb County, Texas.

## I. BACKGROUND

This is an insurance coverage dispute arising from storm damage to Plaintiff's property. Plaintiff, a Texas citizen, is the insured. Defendant Stillwater Insurance Company ("Stillwater") is the insurer and a California corporation with its principal place of business in Florida. Defendant Brandon Dohogne ("Dohogne") is the insurance adjuster who handled the insurance claim and is also a Texas citizen.

Plaintiff filed an Original Petition (the "Complaint") in the 111th Judicial District Court, Webb County, Texas on August 15, 2014 against Stillwater and Dohogne. Dkt. No. 1, Ex. B. The Complaint alleges that Stillwater wrongfully

denied Plaintiff's claim for repairs to Plaintiff's property and failed to provide full coverage for the storm damages sustained. Plaintiff brings claims against Stillwater for breach of contract and for violations of Texas Insurance Code, Chapter 541, relating to unfair settlement practices, and Chapter 542, relating to the prompt payment of claims. With respect to Dohogne, Plaintiff alleges that he conducted an inadequate and outcome-oriented investigation of the claim that resulted in a repair estimate that under-scoped the actual covered damages to Plaintiff's property. *Id.*, Ex. B. at 8–9.

Stillwater was served with the Complaint on September 3, 2014, and together with Dohogne, timely filed a Notice of Removal on the basis of diversity jurisdiction. Dkt. No. 1. Although both Plaintiff and Dohogne are Texas residents, Defendants urge this Court to disregard Dohogne's citizenship. In particular, Stillwater argues that Plaintiff's Complaint does not state a cause of action against Dohogne, and as such, he was improperly joined in this lawsuit. The Parties do not dispute that the jurisdictional amount in controversy is met.

In response to Defendants' Notice of Removal, Plaintiff filed the instant Motion for Remand, arguing that the Complaint sufficiently states a claim against Dohogne under the Texas Insurance Code, and as such, Dohogne was not improperly joined. Dkt. No. 6. Defendants filed their response in opposition on October 24, 2014, stating that while an insurance adjuster can be liable under the Texas Insurance Code, Plaintiff has merely alleged a disagreement about the value of the insurance claim, not specific actionable facts against Dohogne that would

preclude removal. Dkt. No. 7.

## II. Legal Standard

Title 28, Section 1332 confers jurisdiction on the federal district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. Under § 1332, "citizens of different States" means that each plaintiff must be diverse from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Even if a civil action falls within the diversity jurisdiction of the federal courts, however, the action may not be removed if any of the defendants is a citizen of the state in which the action is pending. 28 U.S.C. § 1441(b)(2). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The rule that any ambiguities are construed against removal arises because of "significant federal concerns." *See generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

Though diversity jurisdiction requires complete diversity, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The burden to show improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff

will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

The removing party can establish improper joinder by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Defendants rely only upon the latter showing. Dkt. No. 1, at 3. To make the second showing, a defendant must demonstrate that there is no possibility that the plaintiff will recover against the non-diverse defendant under the relevant law. *See Smallwood,* 385 F.3d at 573. Only the possibility of recovery, not the motive of the plaintiff behind joining the non-diverse defendant, is relevant. *Id.* at 574.

Under this analysis, there are two ways to determine whether the plaintiff could possibly recover against the non-diverse defendant: (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a Rule 56–type analysis. *Id.* at 576. The latter method is applicable only if the plaintiff has stated a claim against the non-diverse defendant, but summary judgment evidence reveals facts withheld by the plaintiff relevant to the propriety of joinder. *Id.* Since the Parties do not rely on any documents outside of the Complaint, the Rule 12(b)(6)-type analysis is before the Court.

## III. ANALYSIS

The Court must first determine the applicable pleading standard and then decide whether the Complaint has stated a claim against Dohogne.

### A. Applicable Pleading Standard

By citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) in their filings, Defendants appear to suggest that the adequacy of Plaintiff's Complaint should be governed by the federal pleading rules outlined in these two cases, rather than the more lenient Texas state pleading standard. *See* Dkt. No. 1, at 3. Plaintiff is silent on the issue.

Although the Fifth Circuit has not directly addressed the choice of pleading standards issue in a published opinion, it did apply state pleading standards in an unpublished opinion. *See De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x 533, 537–38 (5th Cir. 2005); *see also Michels v. Safeco Ins. Co. of Ind.*, 54 F. App'x 535, 539 (5th Cir. 2013) (holding that a district court correctly used Texas's pleading standard to determine whether plaintiffs sufficiently pled facts to predict that a reasonable basis existed that they might be able to recover against the non-diverse defendant). Similarly, "courts in the Southern District of Texas have held that state standards are applied to the evaluation of improper joinder claims when they are more lenient than federal standards." *Saenz v. IDS Prop. Cas. Ins. Co.*, No. 2:14-CV-338, 2014 WL 5325053, at *3 (S.D. Tex. Oct. 17, 2014) (collecting cases). This Court too will apply the state pleading standard to the improper joinder analysis for the cogent reasons recently articulated by United States District Judge Sam

Lindsay of the Northern District of Texas:

> When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that one pleading in state court should be so hapless to be put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern.

*Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416, 2014 WL 5502277, at *5 (N.D. Tex. Oct. 31, 2014).[1]

### B. Texas' Fair Notice Pleading Standard

Texas courts are instructed not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Instead, Texas' "fair notice" pleading standard looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what evidence will be relevant so as to prepare a defense. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). This standard "relieves the pleader of the burden of pleading evidentiary matters with meticulous particularity." *Saenz*, 2014 WL 5325053, at *3 (citing *Bowen v. Robinson*, 227 S.W.3d 86, 91 (Tex. App. Houston [1st Dist.] 2006, pet. Denied)). "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b). Furthermore, an original petition should be construed liberally in favor of the pleader, and the court "should

---

[1] For a further, and thorough, explanation of why the Court uses the state court pleading standard in the improper joinder context, see Judge Rosenthal's opinion in *Edwea, Inc. v. Allstate Ins. Co.*, No. 10-CV-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

## C. Sufficiency of Plaintiff's Pleading

The parties do not dispute that an insurance adjuster such as Dohogne can be liable under the Texas Insurance Code. *See Gasch*, 491 F.3d at 282 (holding that Insurance Code claims can be made against insurance adjusters in their individual capacities). Rather, they dispute whether there is any possibility that Plaintiff might recover against Dohogne on its claims under Chapters 541 and 542 of the Insurance Code.

Plaintiff alleges that Dohogne violated § 541.060 of the Texas Insurance Code, which provides that "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in" certain enumerated "settlement practices with respect to a claim by an insured." TEX. INS. CODE § 541.060(a). The statute lists, in relevant part, the following unfair or deceptive practices:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>
> (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

> (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;
>
> (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder;
>
> . . .
>
> (7) refusing to pay a claim without conducting a reasonable investigation with respect to the claim; . . . .

TEX. INS. CODE §§ 541.060.

The Court notes that even though Plaintiff asserts numerous violations of the Insurance Code against Dohogne, "the Court need only determine whether Plaintiff has a reasonable possibility of recovery against [Dohogne] as to one of these causes of action to find that he is a properly joined defendant." *Rabinovich v. Safeco Ins. Co. of Ind.*, No. 7:14-CV-305, 2014 WL 4538070, at *2 (S.D. Tex. Sept. 10, 2014).

With that in mind, the Court now turns to the Complaint's allegations directed against Dohogne:

> [Dohogne] conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. Dkt. No. 1, Ex. B at 3.
>
> [Dohogne] inspected Plaintiff's property. *Id.* at 9.
>
> [Dohogne] was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. *Id.*
>
> During the inspection, [Dohogne] ignored covered damages to the Property and refused to address all of the damages covered by the loss. *Id.*

> [Dohogne] prepared a repair estimate which vastly under-scoped the actual covered damages to the property, thus demonstrating [Dohogne] did not conduct a thorough investigation of the claim. *Id.*
>
> Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, [Dohogne] failed and refused to properly adjust the claim. *Id.*
>
> [Dohogne] failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to [Stillwater] . . . to address all the covered damages. *Id.*
>
> The Plaintiff made inquiries regarding the status of the loss and payment, but [Dohogne] failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. *Id.* at 10.
>
> As a result of [Dohogne]'s inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim. *Id.*

Plaintiff contends that these allegations sufficiently state actionable conduct against Dohogne. In contrast, Defendants contend that the Complaint contains mere recitations of the Texas Insurance Code that are not independent of the allegations against Stillwater. Dkt. No. 1, at 4. Defendants further contend that Plaintiff's claim against Dohogne boils down to simply a disagreement about the value of an insurance claim, which is not an actionable claim. Dkt. No. 7 at 3.[2]

In support, Defendants urge the Court to arrive at the same outcome as the decisions from this District in *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) and *Bailey v. State Farm Lloyds*, No. 00-CV-3638, 2001

---

[2] Defendants do not cite any caselaw for this proposition; instead they cite, without explanation, Texas Insurance Code § 541.

WL 34106907 (S.D. Tex. Apr. 12, 2001), and a case from the Northern District of Texas: *Dougherty v. State Farm Lloyds*, No. 4:01-CV-0611A, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001).

The Court finds these cases, along with others cited by Defendants, distinguishable and unpersuasive. The decisions in *Waters* and *Bailey* both applied the federal pleading standard, not the more lenient Texas standard. *Bailey*, 2001 WL 34106907, at *2; *Waters*, 158 F.R.D. at 109. In addition, the plaintiff in *Waters* sought to recover uninsured motorist benefits, and unlike here, alleged fraud, which requires an even more stringent pleading standard. *Waters*, 158 F.R.D. at 109; *see also* FED. R. CIV. P. 9(b). Although *Bailey* involved alleged violations of the Texas Insurance Code, the complaint in that case merely mentioned the defendants and then failed to allege any specific fact against them. *Bailey*, 2001 WL 34106907, at *6. Here, the Complaint contains numerous factual allegations against Dohogne. *See* Dkt. No. 1, Ex. B at 9–10. As to *Dougherty*, the court examined the record and found that "plaintiff's petition is simply a standard form petition developed for use in similar cases, and that such form is purposely designed to defeat federal court jurisdiction." *Dougherty*, 2001 WL 1041817, at *2. Even if this Court could divine Plaintiff's intent in joining Dohogne, the Fifth Circuit has instructed that "the motive or purpose of the joinder of in-state defendants is not relevant." *Smallwood*, 385 F.3d at 574. Moreover, while the plaintiff in *Doughtery* failed to "allege any specific facts to support a contention that he was damaged as a result of" the engineer hired to conduct an investigation, 2001 WL 1041817, at *2, here, the

Complaint alleges that "[a]s a result of [Dohogne]'s inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim." Dkt. No. 1, Ex. B., at 10.

The Court finds that the Complaint, while hardly a model of clarity and draftsmanship, meets the liberalized requirements of fair and adequate notice of the facts upon which Plaintiff bases the claims. *Cf. Mother Zion Baptist Church v. State Farm Lloyds*, No. 14-CV-54, 2014 WL 1401859, at *2 (S.D. Tex. April 9, 2014) (granting remand and characterizing allegations against the insurance adjuster as "slim but marginally adequate" and "minimally sufficient"). Plaintiff here alleges that the property was damaged, that Dohogne was tasked with conducting an investigation of the property damages, and that he failed to fulfill this task in the manner required by the Texas Insurance Code. Plaintiff alleges that Dohogne mishandled the claim in several ways: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, and failing to conduct a reasonable investigation. Plaintiff asserts claims against Dohogne individually, in claims separate from those brought against Stillwater. Since numerous cases have held similar allegations to be sufficient, the Court concludes that Plaintiff's allegations, if proven true, would create a reasonable possibility that Plaintiff could prevail against Dohogne. *See Garza v. Geovera Specialty Ins. Co.*, No. 7:13-CV-525, 2014 WL 66830, at *2 (S.D. Tex. Jan. 8, 2014) ("[B]y alleging that [the adjuster] did not conduct a reasonable investigation and engaged in misleading or deceptive behavior, the petition

sufficiently alleges that [the adjuster] violated portions of Section 541.060 of the insurance code."); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13-CV-589, 2014 WL 68648, at *4 (S.D. Tex. Jan. 8, 2014) (same); *Harris v. Allstate Tex. Lloyd's*, No. 10-CV-753, 2010 WL 1790744 (S.D. Tex. Apr. 30, 2010); *Leisure Life Senior Apt. Housing II, Ltd. v. Lloyds of London*, No. 09-CV-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009); *Davis v. Travelers Lloyds of Tex. Ins. Co.*, No. 09-CV-2260, 2009 WL 3255093 (S.D. Tex. Sept. 29, 2009).

Lastly, the Court notes that, contrary to Defendants' argument, the fact that the Complaint tracks the language of the Insurance Code is not reason to find that it lacks fair notice. *See Mother Zion Baptist Church*, 2014 WL 66830, at *2; *see also Campos v. Am. Bankers Ins. Co.*, No. 10-CV-0594, 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) ("The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this court cannot conclude that there is no reasonable basis to predict that Campos might recover against Castilleja.").[3]

---

[3] When courts in the Southern District of Texas have denied remand, "it has usually been when the defendants have provided evidence 'strongly showing that recovery against the instate adjuster would be unlikely.'" *Edwea*, 2010 WL 5099607, at *10 (quoting *Harris*, 2010 WL 1790744, at *5); *see, e.g.*, *Jimenez v. Travelers Indem. Co.*, No. 09-CV-1308, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (denying remand when the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, 09-CV-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mut. Cas. Co.*, 07-CV-15, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand when the defendant presented deposition testimony by the plaintiff that the in-state defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion"). No such evidence is present here.

## IV. CONCLUSION

For the reasons explained above, the court concludes that Defendants have failed to prove that Plaintiff has no reasonable possibility of recovering against Dohogne. Because Defendants have failed to establish that Dohogne was improperly joined, this Court lacks diversity jurisdiction and this action is hereby **REMANDED** to state court and Plaintiff's Motion (Dkt. No. 6) is hereby **GRANTED**. The Clerk is directed to mail a certified copy of this Order to the Clerk of the 111th Judicial District Court of Webb County, Texas, as required by 28 U.S.C. § 1447.

It is so **ORDERED**.

**SIGNED** this 10th day of November, 2014.

                                            Marina Garcia Marmolejo
                                            United States District Judge